IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KELLEY P. REED,

        Petitioner,

    v.

UNION COUNTY COMMUNITY
CORRECTIONS, et al.,

        Respondent.

Case No. 2:15-cv-00813-SI

**OPINION AND ORDER**

**ANTHONY D. BORNSTEIN**
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

        Attorney for Petitioner

**FREDERICK M. BOSS**, Deputy Attorney General
**SAMUEL A. KUBERNICK**, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

        Attorneys for Respondent

1 – ORDER AND OPINION

MICHAEL H. SIMON, District Judge.

Petitioner is currently under the post-prison supervision of Union County Community Corrections. He brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, Petitioner's Habeas Corpus Petition is DENIED, and this proceeding DISMISSED.

## BACKGROUND

In October 2004, a Union County grand jury charged Petitioner with one count of first-degree rape, one count of attempted first-degree rape, two counts of first-degree sodomy, two counts of first-degree unlawful sexual penetration, two counts of first degree sexual abuse, and one count of tampering with a witness. The charges stemmed from his contact with the two minor daughters of his former wife. A jury convicted Petitioner of Rape in the First Degree, Sodomy in the First Degree, and Sexual Abuse in the First Degree as to the younger of the two girls, and acquitted him of all other charges, including all charges related to the older of the two girls.

The trial court sentenced Petitioner to 100 months of imprisonment, 140 months of post-prison supervision, and a compensatory fine of $20,000. He directly appealed his convictions, and the Oregon Court of Appeals vacated the compensatory fine. Upon resentencing, the trial court changed the fine to an order of restitution, which Petitioner also appealed. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.

Petitioner sought post-conviction relief (PCR) on the basis that trial counsel was ineffective, which the PCR court denied. PCR appellate counsel then filed "Section A" of a

*Balfour* Brief[1], and Petitioner completed "Section B". The Oregon Court of Appeals affirmed

without opinion, and the Oregon Supreme Court denied review.

In his Petition for Writ of Habeas Corpus, Petitioner alleges the following grounds for

relief:

> **Ground One**: Denial of effective assistance of counsel
> **Supporting Facts**: Trial Counsel did not allow me to testify on my own behalf.
> Trial Counsel did not call upon witnesses to testify on my behalf. Trial counsel
> was provided with names of several witnesses but not make any attempt to contact
> or interview them.
>
> **Ground Two**: Conviction was based on no physical evidence and proof.
> Conviction was coerced and forced to purger the allegations against the above
> petitioner.
> **Supporting Facts**: The victim has stated to many witnesses that she was forced
> by her mother and sibling to make the claim that she abused the above petitioner.
> Victim was promised monetary gifts by The Department of Children Services
> agent, in exchange for saying she was abused by the petitioner. There are
> recorded videotapes of the victim telling the DHS agent that she was making the
> story up because she was instructed to do so by her Mother and Sibling. The
> victim has told witnesses on several occasions that the DHS agent was giving her
> gifts in exchange for saying she was abused, so she took the gifts and told the lies
> as she was instructed.
>
> **Ground Three**: Additional witnesses have come forward to advise they have
> been told that the victim is admitting she was untruthful about the abuse.
> **Supporting Facts**: Since 2005 to current date, the victim has told witnesses on
> various occasions that she was never abused by the above petitioner and that her
> Mother forced her to lie about the abuse. The victim has stated that the reason her
> Mother was forcing her to lie, was due to the above petitioner, ending the
> romantic relationship between himself and the victims Mother and she was angry
> with him.

Respondent urges this Court to deny relief on the basis that Petitioner's claims are

procedurally defaulted. Petitioner acknowledges that his claims were not fairly presented to the

---

[1] *Balfour v. State of Oregon*, 311 Or. 434, 452 (1991) (finding counsel may prepare a 'Section
A' statement of the facts, while appellant prepares a 'Section B' presentation of the issues,
allowing counsel who finds only frivolous issues exist on direct appeal to still meet constitutional
requirement of active advocacy without violating rules of professional conduct).

appropriate state courts, but argues that he is entitled to this Court's consideration of the merits of his 6th Amendment ineffective assistance claim under the *Martinez* Exception. *Martinez v. Ryan*, 566 U.S. 1 (2012). Petitioner also requests an evidentiary hearing.

## DISCUSSION

### I. Un-argued Claims

In his supporting brief, Petitioner does not argue the merits of any of the above claims except ineffective assistance of counsel. As such, Petitioner has not met his burden of proof with respect to the remaining claims in his petition, and the Court finds those claims to be waived. *See Renderos v. Ryan*, 469 F. 3d 788, 800 (9th Cir. 2006) (holding that petitioner waived claims in petition for writ of federal habeas corpus where counsel did not attempt to set forth the legal standards for such claims or attempt to meet them).

### II. Procedural Default

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. *See* 28 U.S.C. § 2254(d)(1); *see also* Or. Rev. Stat. § 138.550(3) (requiring all PCR claims to be raised in first PCR proceeding). A state prisoner satisfies the exhaustion requirement by "fairly presenting" his claim to the appropriate state courts at all appropriate stages afforded under state law. *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). If the Petitioner procedurally defaults his available state remedies, habeas relief is precluded absent a showing of cause and prejudice, or that the failure to consider the defaulted claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

In his supporting brief, Petitioner concedes he failed to fairly present his claim that trial counsel was ineffective for failing to call Joseph Dale Little to the stand. Nevertheless, he asks the Court to grant habeas relief by finding cause for the default under the *Martinez* exception. *Martinez v. Ryan*, 566 U.S. 1 (2012).

### III. The *Martinez* Exception

"Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 566 U.S. at 9. For the *Martinez* exception to apply, a Petitioner must show that post-conviction counsel "was ineffective under the standards of *Strickland v. Washington*," and "that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Martinez*, 566 U.S. at 14.

Under the well-established Supreme Court precedent of *Strickland v. Washington*, a prisoner alleging ineffective assistance of counsel must show that 1) "counsel's performance was deficient," and 2) counsel's "deficient performance prejudiced the defense." 466 U.S. at 687. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* Judicial review of an attorney's performance under *Strickland* is "highly deferential" and carries a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. In particular, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 690.

#### A. PCR Counsel Was Not Ineffective Under *Strickland*

Petitioner argues PCR counsel was ineffective by failing to amend his petition for post-conviction relief to include a claim that trial counsel's failure to call Joseph Dale Little as a

witness in his trial violated his Sixth Amendment rights. According to Petitioner, "There was no valid strategic reason or justification to omit the claim in the first instance, and there certainly was no acceptable justification for her failure to amend the petition to include it thereafter." ECF 42 at 12.

The record does not contain an affidavit from PCR counsel that might assist in the determination of whether she had a valid strategic reason for failing to amend the petition for post-conviction relief, but it does contain enough other evidence to conclude that she did not. The first reference to Joseph Dale Little in the PCR record appears two months after PCR counsel filed a Formal Petition for Post-Conviction Relief on March 14, 2012. In "Petitioner's Third Supplemental Exhibit List," dated May 24, 2012, PCR counsel submitted an Investigative Report, as well as three new affidavits, including Joseph Dale Little's. Yet she did not file an amended petition to add these new witnesses to the list of people Petitioner alleged trial counsel was deficient for not calling to the stand. Nor did PCR counsel refer to Joseph Dale Little in her "Memorandum in Support of Response to Defendant's Motion for Judgment on the Pleadings." As a result of these failures, the PCR court sustained the state's objection to PCR counsel's attempt to admit the Affidavit of Joseph Dale Little. *See* Or. Rev. Stat. 138.550(3) (grounds not asserted in petition for post-conviction relief are "deemed waived").

Notwithstanding PCR counsel's error, Petitioner has not shown he was prejudiced by it because, as discussed below, underlying trial counsel was not ineffective under *Strickland.* 466 U.S. at 687; *see also Sexton v. Cozner*, 679 F.3d 1150, 1159 (9th Cir. 2012), *cert den*, 133 S. Ct. 863 (2013) (holding that if petitioner cannot show ineffective assistance of underlying trial counsel, PCR counsel could not have been ineffective for failing to raise the claim that underlying trial counsel was ineffective).

B. Petitioner's Underlying Ineffective Assistance of Trial Counsel Claim is Not Substantial

Petitioner argues trial counsel's failure to call Joseph Dale Little as a defense witness amounted to "extreme Sixth Amendment ineffectiveness" because Joseph Dale Little would have testified that the victim had a poor reputation for truthfulness, and that he heard her recant after Petitioner was convicted. This argument is unpersuasive for several reasons.

First, trial counsel explained in his affidavit that he made a strategic decision to avoid attacking the victim's reputation for truthfulness out of concern she may testify about other occasions Petitioner had sexually abused her, thereby exposing Petitioner to additional criminal charges. Trial counsel attested that he considered calling Joseph Dale Little's parents as defense witnesses, but ultimately determined it was in Petitioner's best interest not to open the door on cross examination to the fact Petitioner slept in the same bed as the victim inside the trailer home he shared with the Little family. *See Lord v. Wood*, 184 F.3d 1083, 1095 (9th Cir. 1999) (holding, "Few decisions a lawyer makes draw so heavily on professional judgment as whether or not to proffer a witness at trial."); *see also Davis v. Woodford*, 384 F.3d 628, 650 (9th Cir. 2004) (finding no ineffective assistance for failing to call mitigation witnesses where testimony would have been negative or cumulative). This was a reasonable trial strategy, particularly given it resulted in the jury acquitting Petitioner of all of the charges involving the older girl.

Second, the PCR court judge ruled that Joseph Dale Little's testimony regarding the victim's poor reputation for truthfulness would not have been admissible at trial. Third, given the chronological impossibility of proffering testimony at trial about events that allegedly happened afterward, there is no merit to the argument that trial counsel should have called Joseph Dale Little at trial for the purpose of establishing the victim recanted after Petitioner was convicted.

In conclusion, this Court rejects Petitioner's argument that trial counsel provided ineffective assistance by failing to call Joseph Dale Little to the stand. Because Plaintiff's ineffective assistance of counsel claim is not a substantial one, he is unable to excuse his procedural default.

## IV. Evidentiary Hearing

Petitioner requests an evidentiary hearing to allow him to present expert testimony on the standard of care necessary in post-conviction cases, and for Joseph Dale Little to testify, should the Court deem it necessary. The written record—containing the entire transcript of Petitioner's trial proceedings, as well as 35 post-conviction exhibits, and the parties' briefing—is sufficient to conclude that Petitioner has failed to meet his burden of showing cause and prejudice to excuse his procedural default. *See Griffin v. Johnson*, 350 F.3d 956, 966 (9th Cir. 2003) (finding no need for evidentiary hearing where it would not produce evidence more reliable or probative than the testimony and affidavits already presented). Accordingly, Petitioner's request for an evidentiary hearing is denied.

## CONCLUSION

Based on the foregoing, Petitioner's habeas corpus petition is DENIED, and this proceeding is DISMISSED, with prejudice. The Court declines to issue a Certificate of Appealability because Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 20th day of June, 2017

Michael H. Simon
United States District Judge